# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | ) )  Civ. No. 1:12-cv-02858-RWS |
| Joao Bock, | )        Hon. Richard W. Story ) ) |
| v. | ) ) |
| SCOTTRADE, INC., | ) ) |
| Defendant. | ) ) |

## ANSWER OF SCOTTRADE, INC. TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Scottrade, Inc. ("Scottrade") responds to the Original Complaint for Patent Infringement ("Complaint") of Plaintiff Joao Bock Transaction Systems, LLC ("Plaintiff" or "Joao Bock") as follows:

## SCOTTRADE'S ANSWER TO PLAINTIFF'S COMPLAINT

1.  Scottrade admits that the Complaint purports to state a claim of patent infringement and seeks injunctive relief and monetary damages. Scottrade further admits that U.S. Patent No. 6,047,270 (the "'270 patent") is on its face entitled "Apparatus and Method for Providing Account Security," U.S. Patent No. 6,529,725 (the "'725 patent") is entitled "Transaction Security Apparatus and

1

Method," and U.S. Patent No. 7,906,003 (the "'003 patent") is entitled "Transaction Security Apparatus" (collectively, the "patents-in-suit") and that the patents-in-suit are attached to the Complaint.  Scottrade lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 and therefore denies the same, and specifically denies that it has infringed any valid claim of any of the patents-in-suit.

2. Scottrade lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies the same.

3. Scottrade admits that it is a corporation organized and existing under the laws of the state of Arizona, and has its principal place of business at 700 Maryville Centre Drive, St. Louis, Missouri 63141.  Scottrade further admits that it is actively registered as a foreign corporation with the Georgia Secretary of State and may be served with process by serving its registered agent in this District, Corporation Service Company, 40 Technology Pkwy South, #300, Norcross, Georgia 30092.  Scottrade further admits that it does business through its website, www.scottrade.com.  Scottrade lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 and therefore denies the same.

4. Scottrade admits that the Complaint purports to state a claim arising under 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271 and 281-285.  Scottrade further admits that this Court has subject matter jurisdiction over claims for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Scottrade admits that it has (i) transacted business within the State of Georgia and this District, (ii) purposely availed itself of the privileges of conducting business in the State of Georgia and this District, (iii) sought the protections and benefits of the laws of the State of Georgia, and (iv) is subject to the personal jurisdiction of this Court.  Scottrade lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 and therefore denies the same.

6. Scottrade admits that, directly and/or through intermediaries, it ships, distributes, offers for sale, sells and/or or advertises its products and services in the United States, the State of Georgia, and the Northern District of Georgia, and that it solicits customers in the State of Georgia and in the Northern District of Georgia. Scottrade further admits that it has paying customers who are residents of the State of Georgia and the Northern District of Georgia who use Defendant's products and services in the State of Georgia and in the Northern District of Georgia.  Scottrade

NY 242590174v1

specifically denies that Scottrade and/or its customers have committed patent infringement in the State of Georgia and in the Northern District of Georgia.

7. Scottrade admits that venue is technically proper in the Northern District of Georgia pursuant to 28 U.S.C. §§ 1391 and 1400(b).

8. Scottrade incorporates by reference each of Paragraphs 1-7 above.

9. Scottrade admits that the '270 patent, on its face, indicates that it issued on April 4, 2000 and that Raymond Anthony Joao and Robert Richard Bock are named therein as inventors, but denies that the '270 patent was duly and legally issued by the United States Patent and Trademark Office. Scottrade lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore denies the same.

10. Scottrade admits that it owns, operates, advertises and controls its website, www.scottrade.com. Scottrade denies the remaining allegations in Paragraph 10.

11. Scottrade denies the allegations in Paragraph 11.

12. Scottrade denies the allegations in Paragraph 12.

13. Scottrade denies the allegations in Paragraph 13.

14. Scottrade denies the allegations in Paragraph 14.

15. Scottrade denies the allegations in Paragraph 15.

4

16. Scottrade re-alleges and incorporates by reference each of Paragraphs 1-15 above.

17. Scottrade admits that the '725 patent, on its face, indicates that it issued on March 4, 2003 and that Raymond Anthony Joao and Robert Richard Bock are named therein as inventors, but denies that the '725 patent was duly and legally issued by the United States Patent and Trademark Office. Scottrade lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and therefore denies the same.

18. Scottrade admits that it owns, operates, advertises and controls its website, www.scottrade.com. Scottrade denies the remaining allegations in Paragraph 18.

19. Scottrade denies the allegations in Paragraph 19.

20. Scottrade denies the allegations in Paragraph 20.

21. Scottrade denies the allegations in Paragraph 21.

22. Scottrade denies the allegations in Paragraph 22.

23. Scottrade denies the allegations in Paragraph 23.

24. Scottrade re-alleges and incorporates by reference each of Paragraphs 1-23 above.

NY 242590174v1

25. Scottrade admits that the '003 patent, on its face, indicates that it issued on August 22, 2006 and that Raymond Anthony Joao and Robert Richard Bock are named therein as inventors, but denies that the '003 patent was duly and legally issued by the United States Patent and Trademark Office. Scottrade lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore denies the same.

26. Scottrade admits that it owns, operates, advertises and controls its website, www.scottrade.com. Scottrade denies the remaining allegations in Paragraph 26.

27. Scottrade denies the allegations in Paragraph 27.

28. Scottrade denies the allegations in Paragraph 28.

29. Scottrade denies the allegations in Paragraph 29.

30. Scottrade denies the allegations in Paragraph 30.

31. Scottrade denies the allegations in Paragraph 31.

## JURY DEMAND

32. Scottrade admits that Joao Bock has requested a trial by jury.

## PRAYER FOR RELIEF

33. Scottrade denies that Joao Bock is entitled to the relief it requests in the Complaint or to any relief whatsoever from Scottrade.

6

# AFFIRMATIVE DEFENSES

Scottrade asserts the following affirmative defenses to the causes of action asserted in Plaintiff's Complaint, undertaking to prove only those defenses on which it bears the burden of proof under the applicable law.

1. Plaintiff's Complaint fails to state a claim on which relief can be granted.

2. Scottrade has not and does not infringe any valid and enforceable claim of any of the patents-in-suit, either literally or under the doctrine of equivalents.

3. Scottrade has not and does not contribute to and/or induce infringement by others of any valid and enforceable claim of any of the patents-in-suit, either literally or under the doctrine of equivalents.

4. The patents-in-suit, and each claim thereof, are invalid for failing to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, et seq., including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

5. The patents-in-suit are unenforceable as a result of inequitable conduct committed by an individual or individuals associated with the filing and/or prosecution of the patent applications relating to the patents-in-suit.

NY 242590174v1

6. The patents-in-suit are unenforceable because Plaintiff has misused the patents-in-suit by attempting to enforce them despite knowing that they are invalid and unenforceable.

7. Plaintiff's claim for patent infringement is barred against Scottrade under the doctrine of prosecution history estoppel.

8. Plaintiff's claims are barred by waiver, laches and equitable estoppel.

9. Plaintiff's claims are barred by the doctrine of unclean hands.

10. Scottrade reserves the right to add to or amend this list of Affirmative Defenses with additional defenses that discovery may yield.

## **COUNTERCLAIMS**

1. Scottrade is a corporation organized and existing under the laws of the State of Arizona.

2. Upon information and belief, Joao Bock is a Delaware corporation.

3. These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

4. Venue is technically proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

5. Joao Bock has asserted in the Complaint that Scottrade infringes the patents-in-suit. Accordingly, an actual controversy exists between Scottrade and Joao Bock over the alleged infringement, invalidity and unenforceability of the patents-in-suit.

### **FIRST COUNTERCLAIM - NON-INFRINGEMENT OF THE '270 PATENT**

6. Scottrade incorporates and realleges Counterclaim Paragraphs 1-5 as though fully set forth herein.

7. Scottrade has not infringed and does not infringe any valid and enforceable claim of the '270 patent, either literally or under the doctrine of equivalents.

8. Scottrade has not and does not contribute to and/or induce infringement by others of any valid and enforceable claim of the '270 patent, either literally or under the doctrine of equivalents.

9. Scottrade seeks a declaratory judgment that it has not infringed and does not infringe any valid and enforceable claim of the '270 patent, either literally or under the doctrine of equivalents.

10. Scottrade seeks a declaratory judgment that it has not and does not contribute to and/or induce infringement by others of any valid and enforceable claim of the '270 patent, either literally or under the doctrine of equivalents.

NY 242590174v1

## SECOND COUNTERCLAIM - INVALIDITY OF THE '270 PATENT

11. Scottrade incorporates and realleges Counterclaim Paragraphs 1-10 as though fully set forth herein.

12. The '270 patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, et seq., including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

13. Scottrade therefore seeks a declaratory judgment that each claim of the '270 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*

## THIRD COUNTERCLAIM-NON-INFRINGEMENT OF THE '725 PATENT

14. Scottrade incorporates and realleges Counterclaim Paragraphs 1-13 as though fully set forth herein.

15. Scottrade has not infringed and does not infringe any valid and enforceable claim of the '725 patent, either literally or under the doctrine of equivalents.

16. Scottrade has not and does not contribute to and/or induce infringement by others of any valid and enforceable claim of the '725 patent, either literally or under the doctrine of equivalents.

17. Scottrade seeks a declaratory judgment that it has not infringed and does not infringe any valid and enforceable claim of the '725 patent, either literally or under the doctrine of equivalents.

18. Scottrade seeks a declaratory judgment that it has not and does not contribute to and/or induce infringement by others of any valid and enforceable claim of the '725 patent, either literally or under the doctrine of equivalents.

**FOURTH COUNTERCLAIM-INVALIDITY OF THE '725 PATENT**

19. Scottrade incorporates and realleges Counterclaim Paragraphs 1-18 as though fully set forth herein.

20. The '725 patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, et seq., including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

21. Scottrade therefore seeks a declaratory judgment that each claim of the '725 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*

**FIFTH COUNTERCLAIM-NON-INFRINGEMENT OF THE '003 PATENT**

22. Scottrade incorporates and realleges Counterclaim Paragraphs 1-21 as though fully set forth herein.

NY 242590174v1

23. Scottrade has not infringed and does not infringe any valid and enforceable claim of the '003 patent, either literally or under the doctrine of equivalents.

24. Scottrade has not and does not contribute to and/or induce infringement by others of any valid and enforceable claim of the '003 patent, either literally or under the doctrine of equivalents.

25. Scottrade seeks a declaratory judgment that it has not infringed and does not infringe any valid and enforceable claim of the '003 patent, either literally or under the doctrine of equivalents.

26. Scottrade seeks a declaratory judgment that it has not and does not contribute to and/or induce infringement by others of any valid and enforceable claim of the '003 patent, either literally or under the doctrine of equivalents.

## SIXTH COUNTERCLAIM-INVALIDITY OF THE '003 PATENT

27. Scottrade incorporates and realleges Counterclaim Paragraphs 1-26 as though fully set forth herein.

28. The '003 patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, et seq., including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

NY 242590174v1

29. Scottrade therefore seeks a declaratory judgment that each claim of the '003 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*

## **PRAYER FOR RELIEF**

Scottrade respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. An order and judgment declaring that Scottrade does not infringe any claim of any of the patents-in-suit;

b. An order and judgment declaring that the claims of the patents-in-suit are invalid and/or unenforceable;

c. Dismissal of the Complaint with prejudice;

d. An order declaring this case exceptional and awarding Scottrade its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

e. Any other relief that the Court may deem appropriate and just under the circumstances.

Dated: November 21, 2012   Respectfully submitted,

    /s/
Mark G. Trigg
triggm@gtlaw.com
GA Bar No.: 716295
**GREENBERG TRAURIG, LLP**
Terminus 200, Suite 2500
3333 Piedmont Rd. N.E.
Atlanta, GA 30327
Telephone: (678) 553-2100

13

Facsimile: (678) 553-2104

Scott J. Bornstein
bornsteins@gtlaw.com
Allan A. Kassenoff
kassenoffa@gtlaw.com
**GREENBERG TRAURIG, LLP**
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Fax: (212) 801-6400

*Counsel for Defendant Scottrade, Inc.*

# CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that the forgoing pleading was prepared with one of the font and point selections (Time New Roman Type, 14 point) approved by the Court in compliance with Local Rule 5(C).

Dated this 21st day of November, 2012.

                                                      */s/*
                                           Mark G. Trigg
                                           Georgia Bar No.: 716295

*NY 242590174v1*

# CERTIFICATE OF SERVICE

The undersigned certifies that on November 21, 2012, a true and correct copy of ANSWER OF SCOTTRADE, INC. TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS was filed with the Clerk of the Court in the Northern District of Georgia using the CM/ECF electronic filing, which will automatically send email notifications of such filing to the following attorneys of record:

>Douglas L. Bridges
>Heninger Garrison Davis, LLC
>169 Dauphin Street
>Mobile, AL  36602
>
>Jonathan R. Miller
>Heninger Garrison Davis, LLC
>3350 Riverwood Parkway, Suite 1900
>Atlanta, Georgia  30339

*Attorneys for Plaintiff Joao Bock Transaction Systems, LLC*

The undersigned further certifies that on November 21, 2012, a true and correct copy of ANSWER OF SCOTTRADE, INC. TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS was sent via U.S. Mail to the following attorney of record:

16

NY 242590174v1

Steven W. Ritcheson
Heninger Garrison Davis, LLC
Suite 347
9800 D Topango Canyon Blvd.
Chatsworth, CA  91311

*Attorney for Plaintiff Joao Bock Transaction Systems, LLC*


          By:   */s/*
               Mark G. Trigg
               Georgia Bar No.: 716295
               GREENBERG TRAURIG, LLP
                 *Counsel for Defendant Scottrade, Inc.*

NY 242590174v1