UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:13-CV-01254-CDP |
| SCOTTRADE, INC., | ) ) ) | |
| Defendant. | ) | |

## JOINT PROPOSED SCHEDULING PLAN

Pursuant to the Court's October 1, 2013 Order Setting Rule 16 Conference (ECF No. 42), Plaintiff Joao Bock Transaction Systems, LLC ("Plaintiff") and Defendant Scottrade, Inc. ("Defendant") (collectively, "the parties") submit this Joint Proposed Scheduling Plan. The parties believe that this case should be assigned to Track 3 (Complex), and this Joint Proposed Scheduling Plan therefore reflects a Track 3 assignment.

1. The parties shall make all disclosures required by Fed. R. Civ. P. 26(a)(1) no later than **November 15, 2013**.

2. The presumptive limits of **10** depositions per side and **25** interrogatories per party shall apply. The number of allowable depositions is exclusive of expert depositions, and any seven hours of deposition time taken pursuant to Fed. R. Civ. P. 30(b)(6) counts as a single deposition irrespective of the number of topics and the number of individual witnesses utilized in that seven hours.

3. Requests for physical or mental examinations of parties pursuant to Fed. R. Civ. P. 35 are not anticipated.

4. Plaintiff shall serve its Disclosure of Asserted Claims and Preliminary Infringement Contentions pursuant to Local P.R. 3-1, together with the document production

required by Local P.R. 3-2, no later than **December 6, 2013**. Plaintiff shall assert no more than **30** claims. Upon a showing of good cause, the Court may allow the Plaintiff to assert additional claims.

5. Defendant shall serve its Preliminary Counter-Infringement Contentions pursuant to Local P.R. 3-3 no later than **January 17, 2014.**

6. Defendant shall serve its Preliminary Invalidity Contentions pursuant to Local P.R. 3-4, together with the document production required by Local P.R. 3-5, no later than **January 31, 2014**. Defendant shall assert no more than **30** prior art references.

7. Plaintiff shall serve any amendment to its Disclosure of Asserted Claims and Preliminary Infringement Contentions pursuant to Local P.R. 3-1(b) no later than **February 28, 2014**.

8. The parties shall exchange their Proposed Terms and Claim Elements for Construction pursuant to Local P.R. 4-1(a) no later than **March 7, 2014**.

9. Pursuant to Local P.R. 4-1(b), the parties shall meet and confer in good faith no later than **March 14, 2014** for the purpose of narrowing the claim terms to be construed, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction Chart and Joint Prehearing Statement.

10. The parties shall exchange their Preliminary Claim Constructions and identify, disclose, and/or produce all corresponding extrinsic evidence pursuant to Local P.R. 4-2(a,b) no later than **March 21, 2014**.

11. Pursuant to Local P.R. 4-2(c), the parties shall meet and confer in good faith no later than **March 28, 2014** to discuss, among other topics, each of the claim elements the parties have identified in their Proposed Terms and Claim Elements for Construction, for the purpose of

narrowing the issues and preparing a Joint Claim Construction Chart and Joint Prehearing Statement.

12. Deadline for joinder of parties shall be: **April 18, 2014**.

13. The parties shall file their Joint Claim Construction Chart and Joint Prehearing Statement pursuant to Local P.R. 4-3 no later than **April 18, 2014**.

14. The parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Joint Claim Construction Chart and Joint Prehearing Statement, no later than **May 16, 2014**.

At this time, Plaintiff will narrow the claims asserted to no more than 20 and Defendant will narrow the number of prior art references to **20**. Upon a showing of good cause, the Court may allow the Plaintiff to assert additional claims.

15. The parties shall file motions for claim construction pursuant to Local P.R. 4-5 no later than **May 30, 2014**.

16. The parties shall file any response to the opposing party's motion for claim construction no later than **June 13, 2014**.

17. A claim construction hearing will be held on or after **June 27, 2014, as to be determined by the Court and its schedule**.

18. The parties shall complete all fact discovery no later than **45 days** from the Court's ruling on claim construction issues, with the discovery of electronically-stored information to be governed by the an ESI Order which the Parties are discussing and will submit to the Court for entry in this matter within the next two weeks (by Friday, November 8, 2013).

19. The parties believe that a protective order is appropriate for this case and will

submit one to the Court no later than **November 22, 2013**.

20. The Parties shall comply with Local Patent R. 3-7(a), if necessary.

21. Defendant shall comply with Local Patent Rule 3-7(b), if necessary.

22. No later than **80 days** from the Court's ruling on claim construction issues, the party with the burden of proof on an issue shall disclose all expert witnesses and the reports required by Fed. R. Civ. P. 26(a)(2) and the Local Patent Rules.

23. No later than **101 days** from the Court's ruling on claim construction issues, the parties shall disclose all rebuttal expert witnesses and the reports required by Fed. R. Civ. P. 26(a)(2).

24. The disclosing parties shall make all expert witnesses available for depositions, and have those depositions completed, no later than **21 days thereafter**—that is, no later than 21 days from the deadline provided for in the preceding paragraph 23.

25. The parties shall complete all expert discovery no later than **122 days** from the Court's ruling on claim construction issues.

26. Settlement or Mediation

    a. Plaintiff is available for settlement discussions when Defendant is ready. Plaintiff is not opposed to mediation, but believes some preliminary discussions between the parties' counsel on settlement is beneficial prior to mediation.

    b. Defendant believes this case is appropriate for a mediation referral and that mediation would be most effective at the close of claim construction briefing or in the months of June and July of 2014.

27. Motions to compel shall be pursued in a diligent and timely manner, but in no

event filed more than **11 days** following the discovery deadline set forth *supra* in paragraph 25 (122 days from the Court's ruling on claim construction issues – the completion of expert discovery).

28. **125 days** from the Court's ruling on claim construction issues, Plaintiff will narrow the claims asserted to no more than **12**, and Defendant will narrow the number of prior art references to **12**. Upon a showing of good cause, the Court may allow the Plaintiff to assert additional claims and/or the Defendant to assert more prior art references. Any motion to dismiss, motion for summary judgment, or motion for judgment on the pleadings must be filed no later than **150 days** from the Court's ruling on claim construction issues. Opposition briefs shall be filed no later than **30 days** thereafter, and any reply briefs may be filed no later than **10 days** thereafter.

29. This case shall be set for trial by a later Order. The parties anticipate that this case would take 5 days to try before a jury.

Respectfully submitted,

October 25, 2013,

By:  *s/ Jonathan R. Miller*
Jonathan R. Miller (*pro hac vice*)
**HENINGER GARRISON DAVIS LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia  30339
Telephone:  404.996.0863
Fax:  205.557.5506
jmiller@hgdlawfirm.com

Steven W. Ritcheson (*pro hac vice*)
**HENINGER GARRISON DAVIS LLC**
9800 D. Topanga Canyon Blvd., #347
Chatsworth, California  91311
Telephone:  818.882.1030
Fax:  205.326.3332
switcheson@hgdlawfirm.com

ATTORNEYS FOR PLAINTIFF
JOAO BOCK TRANSACTION SYSTEMS, LLC

By:  *s/ Jennifer E. Hoekel*
James G. Martin, #33586MO
Jennifer E. Hoekel,  #45880MO
B. Scott Eidson, #57757MO
**ARMSTRONG TEASDALE LLP**
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
jmartin@armstrongteasdale.com
jhoekel@armstrongteasdale.com
seidson@armstrongteasdale.com

Scott J. Bornstein
Allan A. Kassenoff
**GREENBERG TRAURIG, LLP**
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Fax: (212) 801-6400
bornsteins@gtlaw.com
kassenoffa@gtlaw.com

ATTORNEYS FOR DEFENDANT
SCOTTRADE, INC.